MARÍA ECHEVARRÍA DE SUBIRÁ ET AL., Plaintiffs and Appellants, v. RAFAEL SAURI, Defendant and Appellee.

No. 4902.   Argued March 4, 1929.—Decided April 26, 1929.

*Henry G. Molina, M. León Parra* and *Gustavo Rodríguez* for the appellants.   *R. V. Pérez Marchand* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

After judgment had been rendered in an injunction proceeding brought by María Echevarría de Subirá and others against Rafael Sauri the plaintiffs presented a memorandum of costs containing an item of $12,000 for attorney's fees stated as follows:

"Attorney's fees for investigation of the facts, detailed study of the law, preparation of complaint with five causes of action, prepara-

tion of petition for restraining order and injunction *pendente lite,* preparation of affidavits, inhibitory and restraining orders, preparation for trial and appearing before district court one day with favorable result, preparation of new security bond, study of motion on opening the case, preparation and answer and other appearances before the district court in opposition to the motion resulting favorably to the plaintiffs. Value of said services taking into account the importance of the case by reason of the difficult questions involved, $12,000.''

The defendant opposed the item for attorney's fees and the parties presented their evidence. The court disposed of the matter on December 7, 1928, by reducing the item of attorney's fees to $2,000 and ordering the defendant to pay of that item the sum of $1,000. The present appeal has been taken from that order.

Two errors are assigned by the appellants. The first relates to the allowance of attorney's fees in the sum of $2,000 and the second to the order that the defendant pay one-half of those fees.

As to the amount of the fees, we have examined the evidence presented to the district court and are forced to discuss some parts of it.

Naturally, the result of the efforts of the attorney, his triumph before the courts or in a compromise, is an element which we can not consider as decisive or of importance in appraising his fees. Success does not depend exclusively upon the attorney, albeit he may take a very important part in its achievement; but success is beyond his personal reach in that it must be sanctioned by a court or a jury. It is not strange to find great forensic work in matters in which success, for one reason or another, has not accompanied the efforts of the jurist, and this should be remunerated in accordance with other elements. The dignity of the profession and consequently the confidence which it inspires in the client and the tranquillity which he enjoys though battling the stormy waves of litigation; the degree of juridical culture of the attorney; his devotion to study; all in general terms,

and in each particular case the dangers and difficulties of the case and the problems to be stated and solved; the time employed which is one of the elements of production in the profession, are matters to be considered in the remuneration, which has justly been called "honorarium," and not of another form, and matters in regard to which success is of little importance.

Undoubtedly, the task of the attorney in this case was not simple and easy. We can not agree, as said by a witness in the case, that questions of possession are of small value from the point of view of study. In the matter of possession questions frequently arise which are more difficult to solve than those found in ownership proceedings.

But in this case we do not believe that the district court erred in fixing the attorney's fees at $2,000. It was a case of an injunction to recover possession in which although it required study, concentration of mind and employment of time, the sum of $2,000 as compensation is not unfair nor excessive.

We think that the second error assigned was committed by the court.

Acting Chief Justice Wolf and Associate Justice Hutchison are of the opinion that although the court had discretion to impose the payment of a part of the attorney's fees upon the defendant and exempt him from payment of the other part, in this particular case there was no justification whatever for such exemption, and Associate Justices Aldrey and Texidor understand that when the costs had been imposed by virtue of the judgment the court had no discretion when rendering the decision appealed from to exempt defendant Rafael Sauri from payment of a part of them.

The order appealed from must be affirmed as to the amount of attorney's fees and otherwise reversed, substituting an order that the appellee pay $2,000 as attorney's fees.

Mr. Chief Justice Del Toro took no part in the decision of this case.